# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RATANA HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-01337-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 32, 33) |

Petitioner Bryan Konoski ("Petitioner"), attorney for Ratana Hamilton ("Plaintiff"), filed the instant motion for attorney fees on April 29, 2025. Petitioner requests fees in the amount of $27,330.80 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff did not file an opposition, or otherwise respond to the motion, and the time to do so has passed. On May 1, 2025, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed a complaint challenging the denial of social security benefits on September 7, 2021. (ECF No. 1.) On January 6, 2023, a stipulation for voluntary remand was filed. (ECF No. 25.) The Court entered judgment in Plaintiff's favor and the action was remanded the same day. (ECF Nos. 26, 27.) On April 20, 2023, Plaintiff was awarded attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $10,000 at the stipulation of the parties. (ECF No. 31.)

On remand, the ALJ found that Plaintiff was disabled as of January 1, 2015, and Plaintiff was awarded benefits in the amount of $131,695.00. (ECF No. 32-2 at 4-5.) The Commissioner

1  withheld $32,923.75 from the past-due benefits for attorney fees. This amount equals 25 percent
2  of the retroactive benefit award. (Id. at 5.) Petitioner has previously received payment of
3  $10,000 in EAJA fees. (ECF No. 32.) In the instant motion, Petitioner seeks an award of
4  attorney's fees in the amount of $27,330.80, reduced by $10,000.00, for a net total fee of
5  $17,330.80. (ECF No. 32.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

2

1  Id. at 796.  The Ninth Circuit has identified several factors that a district court can examine under
2  Gisbrecht in determining whether the fee was reasonable.  In determining whether counsel met
3  his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the
4  standard of performance of the attorney in representing the claimant; (2) whether the attorney
5  exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
6  past-due benefits; and (3) whether the requested fees are excessively large in relation to the
7  benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586
8  F.3d at 1151.

**III.**

**DISCUSSION**

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.  Here, the fee agreement between Plaintiff and Petitioner provides for an attorney fee for "equal to twenty-five percent (25%) of the past-due benefits that are awarded… for work performed in connection with federal court litigation."  (Fee Agreement, ECF No. 32-2 at 10.)  Plaintiff has been awarded benefits from March 2018 through January 2025 in the amount of $131,695.00.  (ECF No. 32-2 at 5.)  In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Petitioner is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve nearly seven years of backpay, there is no indication that Petitioner was responsible for any substantial delay in the court proceedings.  Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner seeks $27,330.80,[1] which is approximately 21 percent of the backpay award.  The $27,330.80 fee is not excessively large in relation to the past-due award of $131,695.00.  In making this determination, the Court

---

[1] The Court notes Petitioner repeatedly requests $27,330.80, reduced by $10,000.00, for a net total fee of $17,330.80.  However, the Court agrees with Defendant that the Court should follow the proper practice of awarding Petitioner the total requested fee and ordering that Petitioner reimburse Plaintiff with the $10,000 that she received under the EAJA.

3

1 recognizes the contingent nature of this case and Petitioner's assumption of the risk of going
2 uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

3      In support of the motion, Petitioner submits a log of the time spent in prosecuting this
4 action. (Time Sheet for Bryan Konoski (BK); Rachel Thomasson (RT), ECF No. 32-2 at 13.)
5 The log demonstrates that Petitioner spent 63.9 hours on this action. (Id.) When considering the
6 total amount requested by Petitioner, the fee request translates to approximately $427.71 per
7 hour for Petitioner's services in this action. Recently, this Court approved a comparable hourly
8 rate for work completed before this court in a Social Security appeal. See Clark v. Comm'r of
9 Soc. Sec., No. 1:22-CV-01139-SAB, 2024 WL 5125888, at *2 (E.D. Cal. Dec. 16, 2024)
10 (awarding fee request that translated to $509.09 per hour); Kelton v. Comm'r of Soc. Sec., No.
11 1:21-CV-00917-SAB, 2024 WL 4826460, at *2 (E.D. Cal. Nov. 19, 2024) (awarding fee request
12 that translated to $500 per hour). Further, in Crawford, the appellate court found that fees nearly
13 twice as much—$875 and $902 per hour for time of both attorneys and paralegals—were not
14 excessive. Crawford, 486 F.3d at 1152 (dissenting opinion). Since Gisbrecht, courts note that
15 reducing a fee request is dicey business and find fee awards much higher than that instantly
16 requested by Petitioner to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018
17 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate
18 of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3
19 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the
20 circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal.
21 Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services);
22 see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7,
23 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee
24 amount represented in a § 406 fee award.")

25      The Court finds that the requested fees are reasonable when compared to the amount of
26 work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the
27 claimant resulted in the action being remanded for further proceedings and ultimately benefits
28 were awarded. Petitioner's billing statement supports the request. (ECF No. 32-2 at 13.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $10,000.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount. The Court does not, as Petitioner requests, award Counsel a net fee of $17,330.80. Petitioner is awarded attorney's fees in the amount of $27,330.80 and shall be ordered to reimburse Plaintiff the $10,000 in fees she previously received under the EAJA.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Gisbrecht, 535 U.S. at 807-08. However, an award of Section 406(b) fees must be offset by any prior award of attorneys' fees granted under the EAJA. 28 U.S.C. § 2412(d); Gisbrecht, 535 U.S. 796. Because Plaintiff was previously awarded $10,000.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $27,330.80 (ECF No. 32) is GRANTED;

2. The funds SHALL be paid to Petitioner out of the funds withheld by the Social Security Administration;

3. After payment of fees, any remaining funds being held by the Administration SHALL be released to Plaintiff Ratana Hamilton; and

4. Petitioner is ordered to refund $10,000 to Plaintiff Ratana Hamilton as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **May 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge